## HARLINGEN CANNING CO. v. COMMODITY CREDIT CORP.

### No. 13521.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1951.

---

R. Dean Moorehead, Donald S. Thomas, Austin, Tex., for appellant.

William R. Eckhardt, III, Asst. U. S. Atty., Brian S. Odem, U. S. Atty., Houston, Tex., for appellee.

Before JOSEPH C. HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

This action was brought by appellant, a Texas corporation against appellee to recover a subsidy, allegedly due it under the contract between the parties hereto, covering canned tomato products packed and sold during the 1946 season. The appellant's entire capital stock was owned by its president, H. E. Butt, who at the same time also owned 85% of the capital stock and was president of the H. E. Butt Grocery Company, a Texas corporation, engaged in the retail grocery business. As a part of the definition of its terms, the contract provided that "eligible sale" did not include a transfer of title of canned food to any person or firm controlled by or affiliated with such canner by stock ownership unless the appellee determined otherwise. The ultimate question here is whether the alleged sales were eligible for payment of subsidies under the 1946 Vegetable Crop Program.

Upon the trial below, a jury was waived and all issues of fact as well as law were submitted to the court, which heard the evidence and argument of counsel, made findings of fact, filed a statement of its conclusions of law, and entered final judgment that the plaintiff take nothing by its suit. The findings of fact are amply supported by the evidence introduced, and the stipulations filed, by the parties; and we see no reason to disturb the judgment under review. Appellant's original claim was for $63,330.43, over half of which was paid. The amount here sued for was disallowed by the appellee, and an appeal from such action was prosecuted to the Contract Dispute Board, which denied relief, largely on the ground that the sales involved were made to an affiliate of the appellant. This affiliate was the H. E. Butt Grocery Company, whose president controlled both parties to the transactions.

We agree with the court below that the Commodity Credit Corporation acted in accordance with its charter powers, and in accordance with the policy of Directive 109, in entering into its contract with appellant covering the 1946 Vegetable Crop Program. The provisions with regard to the payment of subsidies on sales to affiliates, in our opinion, are reasonable, necessary, and appropriate for said program. Moreover, as the court below found, there was no proof that the products involved in these sales were sold by the affiliate, H. E. Butt Grocery Company, prior to July 1, 1946. Accordingly, the judgment appealed from is affirmed.

Affirmed.